IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS K. MILLS,

      Plaintiff,                    No. CIV S-06-1395 GEB DAD P

      vs.

DIRECTOR OF THE CALIFORNIA
DEPARTMENT OF CORRECTIONS
JOHN DOE,

      Defendant.                 ORDER

_____/

        Plaintiff, is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. In accordance with this court's July 5, 2006 order, plaintiff has filed a properly completed application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is

1

currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."

Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

> The Civil Rights Act under which this action was filed provides as follows:
>
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, the sole defendant named by plaintiff is identified as John Doe, the Director of the California Department of Corrections and Rehabilitation.  Plaintiff
/////

alleges that the named defendant has violated plaintiff's rights under the Americans with Disabilities Act and the Eighth Amendment.  He explains:

> This began from January 2004 and continued until I went on -s-time on February 16th 2004.  I was made to work in the culinary kitchen after sustaining a slip and fall accident, and injuring my spine.  This emotionally drained me and left me distressed with not much energy.  The Director, and the CDC, knew of my work accident which happen on 4/1999, at Solano State Prison.  I'm alleging that Folsom State Prison discriminated against me, by not assigning me to a light duty assignment.  And making me work on the pot and pans crew.  The Director of Corrections is over the CDC, that why I'm sueing [sic] him or her.  It was also known by CDC of my mental problems.  And they intentionaly [sic] violated my (ADA) rights.  Als[o] it was cruel and unusual punishment to place me in the culinary kitchen with my mental condition.

(Compl. at 4.)  Plaintiff requests $25,000.00 in damages. (Id.)

These allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which the defendant engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

As noted above, plaintiff has named only a Doe defendant in his complaint.  "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  If plaintiff chooses to file an amended complaint, he is advised that the defendant must be identified in the caption of his pleading, and he or she must be named, with position and place of employment, in the section of the form complaint designated

/////

for that purpose.  Plaintiff is also advised that the court cannot order service of a complaint on a defendant not named in the amended complaint.[1]

In addition, if plaintiff chooses to proceed in this action against the Director of the CDCR, he must describe how the Director has deprived him of his constitutional rights.  In this regard, plaintiff must allege facts that would establish an actual connection between his Eighth Amendment and ADA claims and the specific acts of the Director and other named defendants.

Finally, plaintiff is advised of the following legal standards that govern his civil rights claims.  Under Title II of the ADA plaintiff must allege four elements: (1) he is an individual with a disability; (2) he was otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services ... or was otherwise discriminated against by the public entity; and (4) such exclusion, denial ... or discrimination was by reason of his disability."  McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004). With respect to plaintiff's Eighth Amendment claim, it is well established that the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the Eighth Amendment of the United States Constitution.  Whitley v. Albers, 475 U.S. 312, 319 (1986). See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  However, neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation."  Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320).  The plaintiff must allege facts showing  that

---

[1] Secretary James E. Tilton is the present Director of the CDCR.  However, plaintiff commenced this action in June 2006.  Although Secretary Tilton was appointed Acting Director of the CDCR in April 2006, it is not clear from plaintiff's allegations whether he sought to name Secretary Tilton or his predecessor, Jeanne Woodford, as the defendant in this action.

5

objectively he suffered a sufficiently serious deprivation and that subjectively each defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. <u>Wilson v. Seiter</u>, 501 U.S. 294, 298-99 (1991).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 26, 2006 motion to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: March 11, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mill1395.14a

6